IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMY L. SCALES,

    Plaintiff,

v.

LINDSAY WALKER, MICHAEL DITTMANN,
CORRECTIONAL OFFICER EASTERSON
and L. ALSUM ODONOVAN,

    Defendants.

ORDER

Case No. 18-cv-866-bbc

---

JIMMY L. SCALES,

    Plaintiff,

v.

LUCAS WEBER, MICHAEL DITTMANN,
and JIM SCHWOCHERT,

    Defendants.

ORDER

Case No. 18-cv-889-bbc

---

Plaintiff Jimmy L. Scales, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983 in each of the above cases. Plaintiff has filed a certified copy of a trust fund account statement in support of his request for leave to proceed without prepaying the fee. After considering the supporting documentation, the court concludes that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I conclude plaintiff's initial partial filing fee to be $38.31 of the $350.00 filing fee in each of the above cases. For this case to proceed, plaintiff must submit this amount on or before December 7, 2018.

Plaintiff has also filed a motion to use his release account funds to pay the $350.00 filing fee (dkt. #2 in case no. 18-cv-866-bbc and dkt. #5 in case no. 18-cv-889-bbc). I will grant in part and deny in part plaintiff's motion.

Pursuant to 28 U.S.C. § 1915(b)(1), prison officials are required to use a prisoner's release account to satisfy an initial partial payment if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). Therefore, if sufficient funds do not exist in plaintiff's regular account to pay the $38.31 plaintiff has been assessed as initial partial payments for each of the above cases, he can use his release account to pay the initial partial payments.

However, with the exception of initial partial payments assessed to an inmate, this court does not have the authority to tell state officials whether, and to what extent, a prisoner should be able to withdraw money from a release account. Therefore, I will deny plaintiff's request to use his release account funds to pay the full $350.00 filing fee in each of the above cases.

ORDER

IT IS ORDERED that,

1. Plaintiff Jimmy L. Scales is assessed $38.31 as an initial partial payment of the $350.00 filing fee in each of the above cases. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $38.31 for each case or advise the court in writing why plaintiff is not able to submit the assessed amount on or before December 7, 2018.

2. Plaintiff's motion to use his release account funds to pay the full $350.00 filing fee is DENIED. Plaintiff's motion to use his release account funds to pay the $38.31 initial partial payment assessed in each case is GRANTED.

3. If, by December 7, 2018, plaintiff fails to make the initial partial payments or show cause for failure to do so, plaintiff will be held to have withdrawn the action voluntarily and the case will be closed without prejudice to plaintiff filing the case at a later date.

4. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial payments as directed above and the court has screened the complaint in each case as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 15th day of November, 2018.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge