IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JIMMY SCALES,

                        Plaintiff,

      v.

LINDSAY WALKER, MICHAEL DITTMAN,
CORRECTIONAL OFFICER EASTERSON and
L. ALSUM O'DONOVAN,

                        Defendants.

OPINION AND ORDER

18-cv-866-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jimmy Scales filed this proposed civil action under 42 U.S.C. § 1983, alleging that defendant Correctional Officer Easterson violated his rights under the Eighth Amendment, the free exercise clause of the First Amendment and state negligence law when he dropped a portion of plaintiff's Kosher meal on the floor, attempted to serve it to plaintiff and refused to give plaintiff a replacement meal. Plaintiff also alleges that defendants Lindsay Walker, Michael Dittman and L. Alsum O'Donovan violated his rights under the due process clause either by failing to address the incident or hindering plaintiff's attempts to complain about it. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A.

      After reviewing the complaint, I conclude that plaintiff's allegations do not support a constitutional claim against any of the defendants. Accordingly, I decline to exercise supplemental jurisdiction over plaintiff's proposed state law claims in accordance with 28

1

U.S.C. § 1367(c)(3) and will dismiss this case.

Plaintiff alleges the following facts in his complaint.

ALLEGATIONS OF FACT

Plaintiff currently is incarcerated at the Waupun Correctional Institution, but the events that give rise to this lawsuit occurred while he was incarcerated at the Columbia Correctional Institution, where all of the defendants are employed. Defendant Lindsay Walker is a unit manager, defendant L. Alsum O'Donovan is an inmate complaint examiner and defendant Micahel Dittman is the warden.

On June 16, 2018, defendant Easterson was serving plaintiff his Kosher bag meal for breakfast. After plaintiff learned from another inmate that the bread and waffles in the meal had not been toasted, he handed the small tissue paper bags containing those items to Easterson to be toasted. Because kitchen staff warmed the items in the microwave, plaintiff complained, and Easterson took the items back to the kitchen to be toasted.

Before Easterson came back with plaintiff's toast and waffles, plaintiff learned from another inmate that Easterson had dropped some of the food on the floor. Easterson admitted to plaintiff that a waffle had slid out of its bag onto the floor and that he had dusted it off before trying to serve it to plaintiff. Plaintiff asked for another meal bag, but Easterson refused to give him one. Plaintiff complained about the incident to defendants Walker and Dittman, but they refused to write an incident report. Plaintiff filed an inmate complaint but defendant O'Donovan rejected it. Plaintiff later learned from the complaint

examiner at the Department of Corrections that video footage did not show Easterson dropping any food. Plaintiff says that he has "verification" from Dittman that someone tried to "cover up" the incident and suggests that Walker altered the video footage.

OPINION

A.  Defendant Easterson

Plaintiff alleges that defendant Easterson subjected him to cruel and unusual punishment and interfered with his religious practice by attempting to serve plaintiff a waffle that had dropped on the floor and refusing to replace plaintiff's Kosher meal when plaintiff learned what happened. Plaintiff's allegations implicate his rights under the First and Eighth Amendments.

The Eighth Amendment guarantees inmates the "minimal civilized measure of life's necessities," Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008), including "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985). See also Mays v. Springborn, 575 F.3d 643, 648 (7th Cir. 2009) (Eighth Amendment requires diet with adequate nutrition). However, the denial of food is not a per se violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999). As for the free exercise clause of the First Amendment, the Court of Appeals for the Seventh Circuit has found that "a prisoner's religious dietary practice is

3

substantially burdened when the prison forces him to choose between his religious practice and adequate nutrition." Nelson v. Miller, 570 F.3d 868, 879 (7th Cir. 2009).

Plaintiff's allegations that Easterson served him a waffle that had fallen on the floor on one occasion and refused to replace it do not suggest that plaintiff's nutrition was threatened or that his religious exercise was so substantially burdened as to rise to the level of a constitutional violation under either the First or Eighth Amendments. Jaros v. Illinois Department of Corrections, 684 F.3d 667, 671 (7th Cir. 2012) (prisoner's allegation that he was occasionally denied breakfast not sufficient to state an Eighth Amendment claim); McRoy v. Aramark Correctional Servs., Inc., 268 Fed.Appx. 479 (7th Cir. 2008) (no deliberate indifference where inmate notified guard that his undercooked chicken was "bloody" on one occasion, his milk smelled "sour" and tasted "terrible" on six occasions); Chavis v. Fairman, 51 F.3d 275, at *3 (7th Cir. 1995) (table) ("Unlike the persistent provision of inedible meals, occasional service of spoiled food cannot be said to deprive inmates of basic nutritional needs."); Aiello v. West, 207 F. Supp. 3d 886 (W.D. Wis. 2016) (providing Jewish prisoners only one hot Kosher meal per day, rather than two hot Kosher meals per day, did not substantially burden prisoners' exercise of their religion); Teen v. St. Clair County Jail, 2017 WL 3670164, at *8 (S.D. Ill. Aug. 25, 2017) (single isolated incident of food contamination does not qualify as deliberate indifference).

B. Defendants Walker, Dittman and O'Donovan

Plaintiff does not allege that defendants O'Donovan, Dittman and Walker had any

4

role in serving him food that had touched the floor or not replacing his meal. Rather, he takes issue with the manner in which these defendants handled his complaints about the waffle. However, prison officials are under no obligation to provide an effective grievance procedure or, for that matter, any grievance system at all. Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); Maust v. Headley, 959 F.2d 644, 648 (7th Cir. 1992) (failure of state prison officials to follow own grievance procedures does not itself violate Constitution). Therefore, the mishandling or even the denial of a grievance in itself will not support a constitutional claim. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (internal citations omitted) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

In addition, because plaintiff has not stated a constitutional claim against defendant Easterson, his allegations that defendants Dittman and Walker attempted to cover up Easterson's actions also fail to state a constitutional claim. McGee v. Adams, 721 F.3d 474, 485 (7th Cir. 2013) (finding because underlying conduct did not give rise to valid deliberate indifference claim, plaintiff cannot maintain claim against defendant for failing to prevent that conduct). Accordingly, plaintiff has failed to state a constitutional claim against

5

defendants O'Donovan, Dittman and Walker upon which relief may be granted.

C. State Claims

Because plaintiff's complaint fails to state any federal claim upon which relief may be granted, I am declining to exercise supplemental jurisdiction over plaintiff's proposed state law claims in accordance with 28 U.S.C. § 1367(c)(3) and have not considered those claims for purposes of screening.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Jimmy Scales's failure to state a federal claim upon which relief may be granted. The clerk of court is directed to record a strike in accordance with 28 U.S.C. § 1915(g), enter judgment in favor of defendants and close this case.

Entered this 18th day of January, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge